MOORE, J.
 

 | iChristopher C. Barnette appeals a default judgment rendered against him on a promissory note. We reverse and remand.
 

 Barnette signed a promissory note on May 1, 2000, promising to pay Dr. Louie Ballis, a Bossier City chiropractor, $60,000
 
 *961
 
 plus interest of 15% per annum. According to Dr. Ballis’s brief, Dr. Ballis had loaned Barnette $45,000 to start an LLC called FSBO Ark-La-Tex, for the purpose of building rental properties. The method of payment was stated as follows:
 

 Mr. Ballis will received [sic ] 15% of the net profits from FSBO arklatex each month starting 8-15-00 thru 12-15-01 [.] If fsbo does not forfill [sic; read as
 
 fulfill
 
 ] this agreement Mr. Barnette will personally repay the sum above, by borrowing against personal home.
 

 The note also provided that in the event of default and collection, “then the undersigned agree to pay all reasonable attorney fees and costs of collection.”
 

 Dr. Ballis filed this suit on December 12, 2008, alleging that he was the holder of a note for $60,000, “entered into as consideration for a loan from petitioner to defendant in the amount of $45,000”; that Bar-nette had made partial payments, but still owed principal of $46,000; Barnette had “failed and refused to pay any further sums” since 2007 despite amicable demand; and that principal and interest now totaled $135,271.56. Dr. Ballis prayed for that amount plus reasonable attorney fees.
 

 Barnette did not answer; Dr. Ballis took a preliminary default on January 12, 2009, and confirmed it without a hearing on January 15. In support, Dr. Ballis filed an “affidavit of correctness of indebtedness” confirming that he was “familiar with the
 
 open account
 
 of Christopher C. | pBarnette,” and “the balance now due on
 
 such account
 
 is” $135,271.56, with legal interest and “attorney’s fees of
 
 33f% of principal and interest
 
 due” (emphasis added). The district court rendered judgment to that effect on the date of the hearing. On March 9, Dr. Ballis filed a petition for judgment debtor examination.
 

 Barnette took this devolutive appeal, urging that the court erred in granting a default judgment. He specifically claims that Dr. Ballis failed to prove any suspension or interruption of prescription on a negotiable instrument that was facially prescribed under La. C.C. art. 3498, but he generally argues that the affidavit was insufficient to establish a prima facie case as required by La. C.C.P. art. 1702 B. He also contends that the court erred in awarding attorney fees of 33½%, when the promissory note did not state this amount and there was no evidence as to whether it was reasonable.
 

 Dr. Ballis responds that Barnette filed no exception of prescription and the court cannot supply it. La. C.C.P. art. 927 B. Going beyond the record, he argues that Barnette made a final payment was in 2007, thus interrupting prescription.
 
 Lima v. Schmidt,
 
 91-1848 (La.3/2/92), 595 So.2d 624. Again going beyond the record, he contends that his contract with counsel calls for the attorney to receive 33½% in the event of settlement before suit is filed, 40% in the event of settlement after suit is filed, and 50% in the event of judgment and appeal; hence the award of 33 ½% is reasonable.
 

 Confirmation of a default judgment requires “proof of the demand sufficient to establish a prima facie case.” La. C.C.P. art. 1702 A;
 
 Power Marketing Direct Inc. v. Foster,
 
 2005-2023 (La.9/6/06), 938 So.2d 662. A prima facie case is established when the plaintiff proves the essential allegations of the petition, with competent evidence, to the same extent as if the allegations had been specifically denied.
 
 Sessions & Fishman v. Liquid Air Corp.,
 
 92-2773 (La.4/12/93), 616 So.2d 1254. When the sum due is on an open account or a promissory note or other negotiable instrument, “an affidavit of the correctness thereof shall be prima facie proof.” La. C.C.P. art. 1702 B(3). Never
 
 *962
 
 theless, the plaintiff must present competent evidence that convinces the court that it is probable that he would prevail at trial on the merits.
 
 Power Marketing Direct v. Foster, supra.
 

 In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment under the manifest error standard.
 
 Arias v. Stolthaven New Orleans LLC,
 
 2008-1111 (La.5/5/09), 9 So.3d 815.
 

 On review we are constrained to find that Dr. Ballis’s “affidavit of correctness of indebtedness” is insufficient to make a prima facie showing. Although he averred that he was authorized to make the affidavit and familiar with the matter, he referred to Barnette’s debt as an
 
 open account,
 
 when the document is plainly a
 
 promissory note,
 
 and he recited attorney fees of 33)é%, a figure simply not present in the note. These glaring inconsistencies undermine the probative value of the affidavit.
 

 Moreover, aside from conclusory recitals, the affidavit does not provide a prima facie explanation of how the total of $135,271.56 was reached, given the allegation that the loan was for $45,000 and the comment |4in brief that Barnette made some payments.
 
 [1]
 

 Razorback Oil Tools Int'l v. Taylor Oil Tools Co.,
 
 92-1708 (La.App. 1 Cir. 10/15/93), 626 So.2d 28.
 

 Finally, Dr. Ballis and his attorney were free to negotiate terms for collection services, but this record makes no case whatsoever, let alone a prima facie showing, that Barnette was a party to their agreement or agreed to a 33½% attorney fee. In any event, this court would closely scrutinize, under the principles of
 
 Smith v. State,
 
 2004-1317 (La. 3/11/05), 899 So.2d 516, an attorney fee in excess of $45,000 for merely confirming a default.
 
 Woodall v. Weaver,
 
 43,050 (La.App. 2 Cir. 2/13/08), 975 So.2d 750;
 
 Jim McCary Inc. v. Price,
 
 391 So.2d 921 (La.App. 2 Cir.1980).
 

 The judgment is reversed and the case remanded for further proceedings in accordance with law. All costs to date are to be paid by the appellee, Dr. Louie Ballis.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . We question whether the $15,000 difference between the loan and the note constitutes additional interest on the note. Notably, if Dr. Ballis advanced the
 
 entire face value
 
 of the note, $60,000, and simple interest of 15% accrued for 8 years and 8½ months, and Barnette made
 
 no payments whatsoever,
 
 the interest would be(í = f x r x i) $79,290, for a total of $139,290 — a figure so close to the amount stated in the affidavit that we strongly suspect the affidavit was based on assumptions unsupported by this thin record.