BLEICH, J. (Pro Tempore )
Byron McCall, plaintiff and defendant-in-reconvention, appeals the default judgment entered against him by the Monroe City Court, Ouachita Parish, Louisiana. For the following reasons, we reverse the judgment.
FACTS
On December 22, 2016, Byron McCall filed suit in Monroe City Court against Gwendolyn Marshall for breach of contract.[1] The record suggests that Marshall's house had flood damage and she entered into a contract with McCall to perform repairs. McCall alleged in his petition that Marshall failed to pay him for the work completed on her home. He also claimed Marshall moved back into her home while he was still working on it, preventing him from completing the agreed upon repairs. His original petition did not include a specific disputed amount of unpaid fees, but did request court costs and attorney fees be awarded to him.
Marshall filed an answer and reconventional demand denying McCall's allegations and asserting his workmanship was substandard, thereby requesting full reimbursement of the fees already paid to McCall.[2] The reconventional demand citation *1215 was ostensibly served on McCall via domiciliary service on February 1, 2017. Thereafter, McCall failed to timely answer Marshall's reconventional demand.
On March 1, 2017, Marshall filed a motion for default judgment. Marshall also requested payment of court costs and attorney fees. On March 3, 2017, a judgment was entered in favor of Marshall awarding her $35,000.00, plus $5,000.00 in attorney fees and $85.00 in court costs.
On March 6, 2017, three days after the judgment was rendered, but before he was served with the notice of judgment, McCall filed an answer to Marshall's reconventional demand. McCall then filed this suspensive appeal of the default judgment rendered against him.[3]
DISCUSSION
A judgment of default must be confirmed by proof of the demand sufficient to establish a prima facie case. La. C.C.P. art. 1702. In parish and city courts, if the defendant fails to answer timely, or if he fails to appear at the trial, and the plaintiff proves his case, a final default judgment in favor of the plaintiff may be rendered with no preliminary default necessary. La. C.C.P. art. 4904(A). The plaintiff may obtain a final default judgment only by producing relevant and competent evidence which establishes a prima facie case. La. C.C.P. art. 4904(B). When the suit is for a sum due on an open account, promissory note, negotiable instrument, or other conventional obligation, prima facie proof may be submitted by affidavit. Id.
In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. Moore Fin. Co., Inc. v. Ebarb , 46,392 (La. App. 2 Cir. 5/18/11), 70 So.3d 856, 859. When a default judgment recites that the plaintiff has produced due proof in support of his demand and that the law and evidence favor the plaintiff and are against the defendant, there is a presumption that the default judgment has been rendered upon sufficient evidence to establish a prima facie case and is correct, and the appellant has the burden of overcoming that presumption. Id. The appeal record of a default judgment without a hearing contains the entirety of the evidence before the trial judge and the appellate court is able to determine whether the evidence was competent and sufficient. Id. The determination is factual and is governed by the manifest error standard of review. Keaty v. RPM Int'l, Inc. , 51,019 (La. App. 2 Cir. 10/21/16), 208 So.3d 507, 510.
McCall sets out four assignments of error in his appeal. Of the four, only one need be addressed. McCall argues that the city court judge erred in granting default judgment because Marshall failed to produce any relevant and competent evidence to establish a prima facie case. We agree.
The record contains, chronologically: McCall's petition, the notice of filing for the petition, Marshall's answer and reconventional demand, the reconventional demand citation, a pleading entitled "Confirmation of default of (sic ) alternatively judgment on the pleadings," the judgment, McCall's answer, the notice of judgment, and McCall's motion for suspensive appeal.
There is nothing in the record to show how the city court judge determined that $35,000.00 was the correct amount to award Marshall, especially considering that the amount awarded was beyond the *1216 jurisdictional limits of the Monroe City Court. La. C.C.P. art. 4843(F).
Not one scintilla of evidence exists to support the claims made in the reconventional demand. The record in this matter is completely devoid of affidavits or any evidence to support Marshall's claims, and thus the default judgment entered against McCall is invalid.
The evidence does not support the $35,000 judgment or the award of attorney fees and court cost to Marshall; therefore, this matter must be reversed and remanded to the city court.
CONCLUSION
For the forgoing reasons, the default judgment of the Monroe City Court against Byron McCall is reversed, and this matter is remanded for further proceedings. The costs of this appeal are assessed to Gwendolyn Marshall.
REVERSED AND REMANDED.

The spelling of Marshall's first name in the caption heading is "Gwendylon." This incorrect spelling was used in the original petition, and although Marshall's counsel spelled her name properly in other pleadings, no formal motion to correct the caption heading was ever made.

This is the most favorable characterization that could possibly be placed upon the wording of the reconventional demand. Arguably no specific demand was made, but this deficiency is not addressed in light of our ruling.

No oral argument was requested by either party. Marshall did not file a brief in this matter.