Judgment rendered November 10, 2020.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 53,622-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

DAVID A. REARDON                                    Plaintiff-Appellee

versus

GLOBAL AWNINGS OF                                  Defendant-Appellant
LOUISIANA, L.L.C.

* * * * *

Appealed from the
Fourth Judicial District Court for the
Parish of Ouachita, Louisiana
Trial Court No. 2019-3064 (Civil)

Honorable Alvin R. Sharp, Judge

* * * * *

J. MICHAEL RHYMES                                  Counsel for Appellant


WATSON, McMILLIN & STREET, LLP        Counsel for Appellee
By: W. Michael Street


* * * * *

Before MOORE, COX, and McCALLUM, JJ.

**MOORE, C.J.**

Global Awnings of La. LLC appeals a default judgment that ordered it to pay $227,952.18 in damages and a 25% attorney fee for breach of an employment contract with its former director of operations and sales, David Reardon. We reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

In December 2018, Global Awnings (through its president, Roy T. O'Bryant III) and Reardon signed a document called "Employment Contract," to take effect January 1, 2019, whereby Global Awnings hired Reardon as "Director of Operations/Sales," at a salary of $80,000 a year, a car allowance of $400 a month, and paid time off (two weeks for vacation, five days for personal time, and seven major holidays). Under ¶ 6, it stated: "This employment may not be terminated by employer for the first three (3) years, unless employee fails to comply with company drug and alcohol policy." The contract is silent as to attorney fees in the event of a breach.

On September 27, 2019, Reardon filed this suit for breach of employment contract, alleging that Global Awnings terminated him in July 2019, without claiming that he violated the drug or alcohol policy; he had made demand for all his unpaid wages and accrued vacation; and Global Awnings never paid him. He demanded all wages and benefits under the remaining term of his three-year Employment Contract, penalty wages, legal interest, and reasonable attorney fees and costs. He attached a copy of the Employment Contract to his petition.

Deputies tried to serve Global Awnings' president, O'Bryant, three times in October without success. Finally, on October 23, domiciliary

service was effected at the office address, in West Monroe, on someone named Preston Skinner, the citation bearing the deputy's handwritten notation, "on behalf of agent after many attempts." Despite completed service, Global Awnings filed no responsive pleading.

On November 15, Reardon moved for preliminary default, which was signed and filed that day. On December 3, he moved to confirm the default without a hearing in open court, pursuant to La. C.C.P. arts. 1702 and 1702.1. He attached an affidavit of correctness stating that he was the plaintiff; he maintained business records and data compilations pertaining to his employment at Global Awnings; those records were made "by a person with direct personal knowledge of same"; from the "pleadings and exhibits filed herein," the total owed was $227,952.18; and all the allegations of the affidavit "are true and correct to the best of his knowledge, information and belief." He did not, however, attach a copy of the Employment Contract.

The court rendered judgment, without a hearing, in favor of Reardon and against Global Awnings, for $227,952.18, a "reasonable attorney fee" of 25% thereof ($56,988), and legal interest and costs. Global Awnings took this devolutive appeal.

**APPLICABLE LAW**

Confirmation of a default judgment requires "proof of the demand that is sufficient to establish a prima facie case." La. C.C.P. art. 1702 A; *Power Marketing Direct Inc. v. Foster*, 05-2023 (La. 9/6/06), 938 So. 2d 662; *McCall v. Marshall*, 51,708 (La. App. 2 Cir. 11/15/17), 244 So. 3d 1213. A prima facie case is established when the plaintiff proves the essential allegations of the petition, with competent evidence, to the same extent as if the allegations had been specifically denied. *Power Marketing Direct v.*

2

*Foster*, *supra*; *Keaty v. RPM Int'l Inc.*, 51,019 (La. App. 2 Cir. 10/21/16), 208 So. 3d 507.  When a demand is based on a conventional obligation, "affidavits and exhibits annexed thereto which contain facts sufficient to establish a prima facie case shall be admissible, self-authenticating, and sufficient proof of demand."  La. C.C.P. art. 1702 B(1).  The affidavit of correctness obviates the need for taking testimony to establish the validity of the debt.  *Sessions & Fishman v. Liquid Air Corp.*, 92-2773 (La. 4/12/93), 616 So. 2d 1254; *Moore Fin. Corp. v. Ebarb*, 46,392 (La. App. 2 Cir. 5/18/11), 70 So. 3d 856.  Nevertheless, for confirmation without a hearing, Art. 1702.1 A requires:

> When the plaintiff seeks to confirm a preliminary default without appearing for a hearing in open court as provided in Article 1702(B)(1) * * *, along with any proof required by law, he or his attorney shall include in an itemized form with a written motion for confirmation of preliminary default and proposed final default judgment a certification that the suit is * * * on a conventional obligation, * * * and that the necessary invoices and affidavit, note and affidavit, * * * are attached. * * *

*Sessions & Fishman v. Liquid Air Corp.*, *supra*; *Ballis v. Barnette*, 44,751 (La. App. 2 Cir. 9/23/09), 23 So. 3d 960.

In reviewing default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment under the manifest error standard.  *Arias v. Stolthaven New Orleans LLC*, 08-1111 (La. 5/5/09), 9 So. 3d 815; *Ballis v. Barnette*, *supra*.

**DISCUSSION**

By its first assignment of error, Global Awnings urges the court erred in not requiring additional oral proof as the affidavit of correctness did not adopt or attach the agreement between the parties or the petition.  By its fourth assignment, it urges the court erred in calculating the damages due the

3

plaintiff; apparently, the court used the plaintiff's itemization, but this is not in the record, so it is impossible to tell how the court reached $227,952.18. By its fifth assignment, it urges the court erred in awarding vacation pay and penalty wages without any documentation of how such pay accrued and when it was due. By its sixth assignment, it urges the court erred in awarding an attorney fee of almost $57,000 without any showing of the time and effort expended in taking the default judgment.

Reardon counters that strict compliance with Art. 1702.1 is not always required, as in *Howery v. Linton*, 452 So. 2d 295 (La. App. 2 Cir. 1984), *Brown v. Tinsley*, 433 So. 2d 305 (La. App. 1 Cir. 1983), and *Moore Fin. Co. v. Ebarb*, *supra* (dictum only). He submits that anything missing from the affidavit (here, the Employment Contract) can be easily discerned from the verified petition, and this will support the judgment. He also argues that breach of a fixed-term employment contract obligates the employer to pay the "whole of the salaries he [the employee] would have been entitled to receive." La. C.C. art. 2749; *Andrepont v. Lake Charles Harbor & Terminal Dist.*, 602 So. 2d 704 (La. 1992); *Coates v. Hill Wholesale Distrib. Co.*, 42,584 (La. App. 2 Cir. 10/24/07), 968 So. 2d 315, *writ denied*, 08-0013 (La. 3/24/08), 977 So. 2d 953. He submits that the entirety of the contractual salary, vacation and personal time, and car allowance became due upon breach. He suggests that if the record is too ambiguous to support the precise amount awarded, this court should simply amend the judgment to the correct amount. Finally, he concedes that the record might not support the $56,988 attorney fee, for merely taking and confirming a default judgment, but asks this court to amend the award to an appropriate amount.

4

In *Ballis v. Barnette*, *supra*, this court reversed a default judgment because the affidavit of correctness offered by the plaintiff referred to the defendant's debt as an open account, when the instrument was plainly a promissory note; averred that the amount of the note was $45,000 and the amount due was $135,271, with no explanation of how this total was derived; and recited an attorney fee of 33⅓%, a figure not stated in the promissory note. In *Moore Fin. Co. v. Ebarb*, *supra*, this court reversed a default judgment on a finding that even though the petition alleged that the defendant failed to pay the promissory note for six months, the affidavits of correctness did not assert this fact.

We are constrained to find similar deficiencies in the instant case. The Employment Contract was indeed attached to the petition, but because it constitutes "any proof required by law," Art. 1702.1 A, it must be attached to the affidavit of correctness; it was not. Even if we were to consider it, the Employment Contract does not state what Global Awnings' "drug and alcohol policy" was, or what kind of conduct it would prohibit. Simply put, we cannot find a prima facie case that Reardon fully complied with it. Without this showing, any award of wages and benefits under Art. 2749 is unwarranted.

Even if we could find a breach of contract, other problems impend. The petition alleged that Reardon was terminated "in July, 2019," but the affidavit did not provide a precise date; at $6,666.66 a month, the discrepancy is significant. Nothing in the petition or the affidavit showed how the court reached the precise award of $227,952.18 – not the number of months of salary, how much vacation, personal, and holiday time, how much car allowance, or how the statutory penalty of La. R.S. 23:632 A was

5

applied. Finally, this court has already expressed doubt as to an attorney fee of $45,000 "for merely confirming a default." *Ballis v. Barnette*, *supra*. We express the same doubt, *a fortiori*, as to an attorney fee of nearly $57,000 for the same.

On this record, the district court committed manifest error in finding that Reardon made a prima facie case sufficient to support the default judgment. The judgment will be reversed and the case remanded.

## CONCLUSION

For the reasons expressed, the judgment is reversed and the case remanded for further proceedings. All appellate costs are to be paid by David A. Reardon.

**REVERSED AND REMANDED**.