Judgment rendered May 21, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,236-CA
No. 56,237-CA
(Consolidated Cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

| FIRST TOWER LOAN, LLC D/B/A TOWER LOAN OF WINNFIELD | Plaintiff-Appellant |
|---|---|

versus

| ROY COMBS | Defendant-Appellee |
|---|---|

* * * * *

*consolidated with*

* * * * *

| FIRST TOWER LOAN, LLC D/B/A TOWER LOAN OF WINNFIELD | Plaintiff-Appellant |
|---|---|

versus

| SHELIA MARTIN, A/K/A SHELIA ANNE MARTIN, A/K/A SHELIA A. MARTIN | Defendant-Appellee |
|---|---|

* * * * *

Appealed from the
Eighth Judicial District Court for the
Parish of Winn, Louisiana
Trial Court Nos. 47,276 and 47,359

Honorable Anastasia S. Wiley, Judge

* * * * *

| ROGERS, CARTER & PAYNE, LLC By: Jessica L. Greber | Counsel for Appellant |
|---|---|

| SHELIA MARTIN, A/K/A SHELIA ANNE MARTIN, A/K/A SHELIA A. MARTIN | In Proper Person |
|---|---|

* * * * *

Before STONE, MARCOTTE, and ELLENDER, JJ.

**ELLENDER, J.**

In these consolidated cases, First Tower Loan LLC, d/b/a Tower Loan of Winnfield, appeals 15 default judgments in which the district court rendered judgments for amounts different from those alleged in the petitions, verified in the affidavits of correctness, and stated in the proposed judgments. For the reasons expressed, we amend the judgments to conform to the records and, as amended, render. A separate opinion is issued for each borrower.

## PROCEDURAL HISTORY

Shelia Martin, a/k/a Shelia Anne Martin or Shelia A. Martin, of Winnfield, took out a loan from Tower Loan on August 18, 2022. The amount financed was $6,524.54, at a stated APR of 29.88%, requiring Martin to make 36 payments of $280.00 each, for a total of $10,080.00. Her final payment was to be September 2, 2025, but, according to Tower Loan's petition, her last payment was on April 20, 2023, leaving a balance of $6,561.24.

Tower Loan filed this suit on September 11, 2023, seeking the unpaid balance $6,561.24, together with contractual interest of 29.08% per annum for one year beginning August 15, 2023, and 18% thereafter. The petition prayed for late charges, court costs, collection costs, contractual attorney fees, and a recognition of its security interest in the movables described in the loan agreement.

Martin filed no responsive pleading, so Tower Loan moved for default judgment. In support, it attached an affidavit of correctness executed by Anthony Barnes, an officer of the company, verifying that the balance due

was $6,561.24 and that the interest rate, under the loan agreement, was 29.08% for one year beginning August 15, 2023, and 18% thereafter until paid. It also provided a proposed judgment stating this balance due, interest rate, and other matters not germane to this appeal.[1]

The district court rendered judgment as prayed for, by judgment date-stamped March 28, 2024. However, on July 15, 2024, the only minute entry in the record, the court "reviewed record" and "amended judgment amount." The court stated, "The amount on this is modified to the amount that was borrowed also[.]" The court drew a line through the principal of the judgment, changing it from $6,561.24 to $6,524.54, and through the interest rate of 29.08%/18%, changing it to "legal" interest.

Tower Loan has appealed, raising five assignments of error. Martin has not filed a brief.

## DISCUSSION

### *Compliance with Art. 1702*

By its first assignment of error, Tower Loan urges the court erred in failing to accept Tower Loan's affidavit of correctness, submitted in support of the proposed default judgment, as prima facie proof of the indebtedness owed under the promissory note, as required by La. C.C.P. art. 1702(B)(3). By its second assignment, Tower Loan urges the court erred in failing either to sign the proposed default judgment or direct that a hearing be held, as required by La. C.C.P. art. 1702(C).

For the reasons expressed in *First Tower Loan v. Combs*, 56,236 (La. App. 2 Cir. 5/21/25), rendered this day, these assignments have merit. The

---

[1] The judgment referred to the borrower as *Sheila* Martin, but the signature on the loan agreement appears to match the name as listed on that document and in the petition.

2

district court lacked authority to disregard the affidavit of correctness and erred in not signing the proposed judgment.

### *Reduction of Principal*

By its third assignment of error, Tower Loan urges the court erred in reducing the principal amount of the judgment from the amount prayed for and properly rebated in accordance with La. R.S. 9:3533, to the amount financed on the face of the promissory note. For the reasons expressed in *First Tower Loan v. Combs*, *supra*, this assignment has merit.

The loan agreement reflects a finance charge of $3,555.46, including a prepaid finance charge of $70.00 and precomputed interest of $3,485.46. Total payments would come to $10,080.00; according to the affidavit, the unpaid balance, after all rebates, is $6,561.24. There is no further requirement for an itemization of payments or how the total amount sued upon was calculated. *Moore Fin. Co. v. Ebarb*, 46,392 (La. App. 2 Cir. 5/18/11), 70 So. 3d 856. The district court lacked authority to render judgment for a principal amount other than $6,561.24. The judgment will be amended to this amount.

### *Award of Interest*

By its fourth assignment of error, Tower Loan urges the court erred in failing to award interest as prayed for and as mandated by La. C.C. art. 1921. By its fifth assignment, Tower Loan urges the court erred in reducing interest in the judgment to "legal interest" from the amount stated in the loan agreement, contrary to La. R.S. 9:3519 and 9:3522. For the reasons expressed in *First Tower Loan v. Combs*, *supra*, these assignments have merit.

The loan agreement states that the amount financed was $6,524.54. Under R.S. 9:3519, Tower Loan could charge interest of 24% on the portion of the principal that exceeds $4,000 but does not exceed $7,000 (this portion would be $2,524.54); 27% on the portion that exceeds $1,400 but does not exceed $4,000 (this portion would be $2,600); and 36% on the remaining portion. The affidavit states that these rates, properly apportioned, yield a contractual rate of 29.08%. Moreover, Martin's loan was accelerated on August 15, 2023; hence, after August 15, 2024, the interest cannot exceed 18%. The amount prayed for in the petition, and stated in the proposed judgment, complies with the applicable laws.

The district court lacked authority to award interest different from that stated in the loan agreement, the petition, and the affidavit. The judgment will be amended to provide the contractual and legal rate.

## DECREE

For the reasons expressed, the principal and interest stated in the judgment are amended as follows:

> **IT IS ORDERED, ADJUDGED, AND DECREED** that there be judgment herein in favor of plaintiff, FIRST TOWER LOAN, LLC, d/b/a TOWER LOAN OF WINNFIELD, and against defendant, SHELIA MARTIN, a/k/a SHELIA ANNE MARTIN, a/k/a SHELIA A. MARTIN (SSN XXX-XX-3573), in the amount of $6,561.24, together with interest at 29.08% per annum for one year beginning August 15, 2023, and 18% thereafter, until paid.

In all other respects, the judgment is affirmed. All costs are to be paid by the borrower, Shelia Martin, a/k/a Shelia Anne Martin, a/k/a Shelia A. Martin.

**AMENDED, AFFIRMED AS AMENDED, AND RENDERED**.

4