Judgment rendered May 21, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,236-CA
No. 56,242-CA
(Consolidated Cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

FIRST TOWER LOAN, LLC                     Plaintiff-Appellant
D/B/A TOWER LOAN OF
WINNFIELD

versus

ROY COMBS                                 Defendant-Appellee

* * * * *

*consolidated with*

* * * * *

FIRST TOWER LOAN, LLC                     Plaintiff-Appellant
D/B/A TOWER LOAN OF
WINNFIELD

versus

MIA COUNTY, A/K/A MIA                     Defendant-Appellee
CHARJUAN COUNTY, A/K/A
MIA C. COUNTY

* * * * *

Appealed from the
Eighth Judicial District Court for the
Parish of Winn, Louisiana
Trial Court Nos. 47,276 and 47,520

Honorable Anastasia S. Wiley, Judge

* * * * *

ROGERS, CARTER & PAYNE, LLC               Counsel for Appellant
By: Jessica L. Greber

MIA COUNTY, A/K/A MIA                      In Proper Person
CHARJUAN COUNTY, A/K/A
MIA C. COUNTY

* * * * *

Before STONE, MARCOTTE, and ELLENDER, JJ.

**ELLENDER, J.**

In these consolidated cases, First Tower Loan LLC, d/b/a Tower Loan of Winnfield, appeals 15 default judgments in which the district court rendered judgments for amounts different from those alleged in the petitions, verified in the affidavits of correctness, and stated in the proposed judgments. For the reasons expressed, we amend the judgments to conform to the records and, as amended, render. A separate opinion is issued for each borrower.

## PROCEDURAL HISTORY

Mia County, a/k/a Mia Charjuan County or Mia C. County, of Winnfield, La., took out a loan from First Tower Loan on May 1, 2023.[1] The amount financed was $2,006.32, at a stated APR of 31.99%, requiring County to make 30 payments of $98.00, for a total of $2,940.00. Her final payment was to be November 1, 2025, but, according to Tower Loan's petition, her last payment was on September 9, 2023, leaving a balance of $2,145.52.

Tower Loan filed this suit on February 22, 2024, seeking the unpaid balance of $2,145.52, together with contractual interest of 31.99% per annum for one year beginning January 23, 2024, and 18% thereafter. The petition also prayed for late charges, court costs, collection costs, and contractual attorney fees.

---

[1] There is no original loan agreement in this record. The first paragraph of the petition refers to "Gulfco of Louisiana LLC, d/b/a Tower Loan of Central," but the caption of the petition, the disclosure statement, and every other document in the record identifies the lender as Tower Loan.

County filed no responsive pleading, so Tower Loan moved for default judgment. In support, it attached an affidavit of correctness executed by David Easley, an officer of the company, verifying that the balance due was $2,145.52 and that the interest rate, under the instrument, was 31.99% for one year beginning January 23, 2024, and 18% thereafter until paid in full. Tower Loan also provided a proposed judgment stating this balance due, the interest rate, and other matters not germane to this appeal.

The district court rendered judgment as prayed for, by judgment date-stamped June 7, 2024. However, on July 15, 2024, the only minute entry in the record, the court "reviewed record and amended judgment amount." In the transcript, the court stated merely, "Okay, I'm returning the same to the Clerk." The court drew a line through the principal of the judgment, changing it from $2,145.52 to $2,006.32, and through the interest rate of 31.99%/18%, changing it to "legal" interest.

Tower Loan has appealed, raising five assignments of error. County has not filed a brief.

## DISCUSSION

### *Compliance with Art. 1702*

By its first assignment of error, Tower Loan urges the court erred in failing to accept Tower Loan's affidavit of correctness, submitted in support of the proposed judgment, as prima facie proof of the indebtedness owed under the promissory note, as required by La. C.C.P. art. 1702(B)(3). By its second assignment, Tower Loan urges the court erred in failing either to sign the proposed default judgment or direct that a hearing be held, as required by La. C.C.P. art. 1702(C).

2

For the reasons expressed in *First Tower Loan v. Combs*, 45,236 (La. App. 2 Cir. 5/21/25), rendered this day, these assignments have merit. The district court lacked authority to disregard the affidavit of correctness and erred in not signing the proposed judgment.

### *Reduction of Principal*

By its third assignment of error, Tower Loan urges the court erred in reducing the principal amount of the judgment from the amount prayed for and properly rebated in accordance with La. R.S. 9:3533, to the amount financed on the face of the instrument. For the reasons expressed in *First Tower Loan v. Combs*, *supra*, this assignment has merit.

The disclosure statement reflects a finance charge of $933.68. Total payments would come to $2,940.00; according to the affidavit, the unpaid balance, after all rebates, is $2,145.52. There is no further requirement for an itemization of payments or how the amount sued upon was calculated. *Moore Fin. Co. v. Ebarb*, 46,392 (La. App. 2 Cir. 5/18/11), 70 So. 3d 856. The district court lacked authority to render judgment for a principal amount other than $2,145.52. The judgment will be amended to this amount.

### *Award of Interest*

By its fourth assignment of error, Tower Loan urges the court erred in failing to award interest as prayed for and as mandated by La. C.C. art. 1921. By its fifth assignment, Tower Loan urges the court erred in reducing interest in the judgment to "legal interest" from the amount stated in the disclosure statement, contrary to La. R.S. 9:3519 and 9:3522. For the reasons expressed in *First Tower Loan v. Combs*, *supra*, these assignments have merit.

3

The disclosure statement states that the amount financed was $2,006.32. Under La. R.S. 9:3519, Tower Loan could charge 27% on the portion of the principal that exceeds $1,400 but does not exceed $4,000 (this portion would be $606.32) and 36% on the remaining portion.[2] The affidavit states that these rates, properly apportioned, yield a contractual rate of 31.99%. Moreover, County's loan was accelerated on January 23, 2024; hence, after January 23, 2025, the interest cannot exceed 18%.[3] The amount prayed for in the petition, and stated in the proposed judgment, complies with the applicable laws.

The district court lacked authority to award interest different from that stated in the disclosure statement, the petition, and the affidavit. The judgment will be amended to provide the contractual and legal rate.

## CONCLUSION

For the reasons expressed, the principal and interest stated in the judgment are amended as follows:

> **IT IS ORDERED, ADJUDGED, AND DECREED** that there be judgment herein in favor of the plaintiff, FIRST TOWER LOAN, LLC, d/b/a TOWER LOAN OF WINNFIELD, and against the defendant, MIA COUNTY, a/k/a MIA CHARJUAN COUNTY, a/k/a MIA C. COUNTY (SSN XXX-XX-0743), in the amount of $2,145.52, together with interest thereon at the rate of 31.99% per annum for one year beginning January 23, 2024, and 18% thereafter, until paid.

In all other respects, the judgment is affirmed. All costs are to be paid by the borrower, Mia County, a/k/a Mia Charjuan County or Mia C. County.

**AMENDED, AFFIRMED AS AMENDED, AND RENDERED**.

---

[2] In brief, Tower Loan states the amount subject to 36% is "$606.32," apparently a typo.

[3] In brief, Tower Loan states the cutoff date for contractual interest is November 1, 2026, but this is obviously a typo.