Judgment rendered May 21, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,236-CA
No. 56,240-CA
(Consolidated Cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

FIRST TOWER LOAN, LLC                    Plaintiff-Appellant
D/B/A TOWER LOAN OF
WINNFIELD

versus

ROY COMBS                                Defendant-Appellee

* * * * *

*consolidated with*

* * * * *

FIRST TOWER LOAN, LLC                    Plaintiff-Appellant
D/B/A TOWER LOAN OF
WINNFIELD

versus

JUSTIN D. CURRY, AKA JUSTIN              Defendant-Appellee
DANIEL CURRY, A/K/A
JUSTIN CURRY

* * * * *

Appealed from the
Eighth Judicial District Court for the
Parish of Winn, Louisiana
Trial Court Nos. 47,276 and 47,406

Honorable Anastasia S. Wiley, Judge

* * * * *

ROGERS, CARTER & PAYNE, LLC              Counsel for Appellant
By: Jessica L. Greber


JUSTIN D. CURRY, A/K/A JUSTIN            In Proper Person
DANIEL CURRY, A/K/A
JUSTIN CURRY

* * * * *

Before STONE, MARCOTTE, and ELLENDER, JJ.

**ELLENDER, J.**

In these consolidated cases, First Tower Loan LLC, d/b/a Tower Loan of Winnfield, appeals 15 default judgments in which the district court rendered judgments for amounts different from those alleged in the petitions, verified in the affidavits of correctness, and stated in the proposed judgments. For the reasons expressed, we amend the judgments to conform to the records and, as amended, render. A separate opinion is issued for each borrower.

## PROCEDURAL HISTORY

Justin D. Curry, a/k/a Justin Daniel Curry or Justin Curry, of Winnfield, La., took out a loan from Tower Loan on January 6, 2023. The amount financed was $2,808.58, at a stated APR of 35.51%, requiring Curry to make 26 payments of $157.00, for a total of $4,082.00. His final payment was to be March 10, 2025, but, according to Tower Loan's petition, his last payment was on February 17, 2023, leaving a balance of $3,377.91.

Tower Loan filed this suit on October 10, 2023, seeking the unpaid balance of $3,377.91, together with contractual interest of 33.00% per annum for one year beginning August 25, 2023, and 18% thereafter. The petition also prayed for late charges, court costs, collection costs, contractual attorney fees, and a recognition of its security interest in the movables described in the loan agreement.

Curry filed no responsive pleading, so Tower Loan moved for default judgment. In support, it attached an affidavit of correctness executed by Anthony Barnes, an officer of the company, verifying that the balance due

was $3,377.91 and that the interest rate, under the loan agreement, was 33.00% for one year beginning August 25, 2023, and 18% thereafter until paid in full. Tower Loan also provided a proposed judgment stating this balance due, the interest rate, and other matters not germane to this appeal.

The district court rendered judgment as prayed for, by judgment date-stamped February 29, 2024. However, on July 15, 2024, the only minute entry in the record, the court "reviewed record and amended judgment amount." In the transcript, the court stated, "The amount on that requested [*sic*] was more than the amount financed as well." The court drew a line through the principal of the judgment, changing it from $3,377.91 to $2,808.58, and through the interest rate of 33.00%/18%, changing it to "legal" interest.

Tower Loan has appealed, raising five assignments of error. Curry has not filed a brief.

## DISCUSSION

### *Compliance with Art. 1702*

By its first assignment of error, Tower Loan urges the court erred in failing to accept Tower Loan's affidavit of correctness, submitted in support of the proposed judgment, as prima facie proof of the indebtedness owed under the promissory note, as required by La. C.C.P. art. 1702(B)(3). By its second assignment, Tower Loan urges the court erred in failing either to sign the proposed default judgment or direct that a hearing be held, as required by La. C.C.P. art. 1702(C).

For the reasons expressed in *First Tower Loan v. Combs*, 56,236 (La. App. 2 Cir. 5/21/25), rendered this day, these assignments have merit. The

2

district court lacked authority to disregard the affidavit of correctness and erred in not signing the proposed judgment.

### *Reduction of Principal*

By its third assignment of error, Tower Loan urges the court erred in reducing the principal amount of the judgment from the amount prayed for and properly rebated in accordance with La. R.S. 9:3533, to the amount financed on the face of the promissory note. For the reasons expressed in *First Tower Loan v. Combs*, *supra*, this assignment has merit.

The loan agreement reflects a finance charge of $1,273.42, including a prepaid finance charge of $70.00 and precomputed interest of $1,203.42. Total payments would come to $4,082.00; according to the affidavit, the unpaid balance, after all rebates, is $3,377.91. There is no further requirement for an itemization of payments or how the total amount sued upon was calculated. *Moore Fin. Co. v. Ebarb*, 46,392 (La. App. 2 Cir. 5/18/11), 70 So. 3d 856. The district court lacked authority to render judgment for a principal amount other than $3,377.91. The judgment will be amended to this amount.

### *Award of Interest*

By its fourth assignment of error, Tower Loan urges the court erred in failing to award interest as prayed for and as mandated by La. C.C. art. 1921. By its fifth assignment, Tower Loan urges the court erred in reducing interest in the judgment to "legal interest" from the amount stated in the loan agreement, contrary to La. R.S. 9:3519 and 9:3522. For the reasons expressed in *First Tower Loan v. Combs*, *supra*, these assignments have merit.

The loan agreement states that the amount financed was $2,808.58. Under La. R.S. 9:3519, Tower Loan could charge 27% on the portion of the principal that exceeds $1,400 but does not exceed $4,000 (this portion would be $1,408.58) and 36% on the remaining portion.[1] The affidavit states that these rates, properly apportioned, yield a contractual rate of 33.00%. Moreover, Curry's loan was accelerated on August 25, 2023; hence, after August 25, 2024, the interest cannot exceed 18%. The amount prayed for in the petition, and stated in the proposed judgment, complies with the applicable laws.

The district court lacked authority to award interest different from that stated in the loan agreement, the petition, and the affidavit. The judgment will be amended to provide the contractual and legal rate.

## CONCLUSION

For the reasons expressed, the principal and interest stated in the judgment are amended as follows:

> **IT IS ORDERED, ADJUDGED, AND DECREED** that there by judgment herein in favor of plaintiff, FIRST TOWER LOAN, LLC, d/b/a TOWER LOAN OF WINNFIELD, and against the defendant, JUSTIN D. CURRY, a/k/a JUSTIN DANIEL CURRY, a/k/a JUSTIN CURRY (SSN XX-XX-3148), in the amount of $3,377.91, together with interest thereon at the rate of 33.00% per annum for one year beginning August 25, 2023, and 18% thereafter, until paid.

In all other respects, the judgment is affirmed. All costs are to be paid by the borrower, Justin D. Curry, a/k/a Justin Daniel Curry or Justin Curry.

**AMENDED, AFFIRMED AS AMENDED, AND RENDERED**.

---

[1] In brief, Tower Loan lists the 27% portion as "approximately $1,191.42" and the 36% portion as "the remaining portion of $1,191.42," apparently typos.