Judgment rendered May 21, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 56,236-CA
No. 56,250-CA
(Consolidated Cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

FIRST TOWER LOAN, LLC                Plaintiff-Appellant
D/B/A TOWER LOAN OF
WINNFIELD

versus

ROY COMBS                            Defendant-Appellee

* * * * *

*consolidated with*

* * * * *

FIRST TOWER LOAN, LLC                Plaintiff-Appellant
D/B/A TOWER LOAN OF
WINNFIELD

versus

BRYAN J. FITZGERALD, A/K/A           Defendant-Appellee
BRYAN FITZGERALD

* * * * *

Appealed from the
Eighth Judicial District Court for the
Parish of Winn, Louisiana
Trial Court Nos. 47,276 and 47,570

Honorable Anastasia S. Wiley, Judge

* * * * *

ROGERS, CARTER & PAYNE, LLC          Counsel for Appellant
By: Jessica L. Greber

BRYAN J. FITZGERALD, A/K/A           In Proper Person
BRYAN FITZGERALD

* * * * *

Before STONE, MARCOTTE, and ELLENDER, JJ.

**ELLENDER, J.**

In these consolidated cases, First Tower Loan LLC, d/b/a Tower Loan of Winnfield, appeals 15 default judgments in which the district court rendered judgments for amounts different from those alleged in the petitions, verified in the affidavits of correctness, and stated in the proposed judgments. For the reasons expressed, we amend the judgments to conform to the records and, as amended, render. A separate opinion is issued for each borrower.

## PROCEDURAL HISTORY

Bryan J. Fitzgerald, a/k/a Bryan Fitzgerald, of Dodson, La., took out a loan from Tower Loan on March 22, 2018. The amount financed was $3,834.92, at a stated APR of 33.35%, requiring Fitzgerald to make 26 payments of $212.00, for a total of $5,512.00. According to Tower Loan's petition, his last payment was on August 27, 2018, leaving a balance of $5,429.40.

Tower Loan filed this suit on April 1, 2024, seeking the unpaid balance of $5,429.00, together with contractual interest of 31.57% per annum for one year beginning June 6, 2020, and 18% thereafter.[1] Tower Loan also prayed for late charges, court costs, collection costs, contractual attorney fees, and a recognition of the security interest in the movables described in the loan agreement.

---

[1] On the face of the pleadings, this action would appear to be untimely as to any installments due before April 1, 2019. La. C.C. art. 3498. However, the district court did not ask Tower Loan to submit "prima facie proof that the action is not barred," as it was authorized to do under La. C.C.P. art. 1702 (D), and this court is not permitted to supply the exception of prescription, La. C.C.P. art. 927 (B). For purposes of this appeal, the action is deemed to be timely.

Fitzgerald filed no responsive pleading, so Tower Loan moved for default judgment. It attached an affidavit of correctness executed by David Easley, an officer of the company, verifying that the balance due was $5,429.40 and that the interest rate, under the loan agreement, was 31.57% per annum for one year beginning June 6, 2020, and 18% thereafter until paid in full. Tower Loan also provided a judgment stating this balance due, the interest rate, and other matters not pertinent to this appeal.

The district court rendered judgment as prayed for, by judgment date-stamped July 8, 2024. However, on July 15, 2024, the only minute entry in the record, the court "reviewed record and amended judgment amount." In the transcript, the court stated, "I am signing the judgment and handing over the same to the Clerk. Let me make really sure of this. Yep, okay." The court drew a line through the principal of the judgment, changing it from $5,429.40 to $3,834.92, and through the interest rate of 31.57%/18%, changing it to "legal" interest.

Tower Loan has appealed, raising five assignments of error. Fitzgerald has not filed a brief.

## DISCUSSION

### *Compliance with Art. 1702*

By its first assignment of error, Tower Loan urges the court erred in failing to accept Tower Loan's affidavit of correctness, submitted in support of the proposed judgment, as prima facie proof of the indebtedness owed under the promissory note, as required by La. C.C.P. art. 1702(B)(3). By its second assignment, Tower Loan urges the court erred in failing either to sign the proposed judgment or direct that a hearing be held, as required by La. C.C.P. art. 1702(C).

2

For the reasons expressed in *First Tower Loan v. Combs*, 56,236 (La. App. 2 Cir. 5/21/25), rendered, this day, these assignments have merit. The district court lacked authority to disregard the affidavit of correctness and erred in not signing the proposed judgment.

### *Reduction of Principal*

By its third assignment of error, Tower Loan urges the court erred in reducing the principal amount of the judgment from the amount prayed for and properly rebated in accordance with La. R.S. 9:3533, to the amount financed on the face of the promissory note. For the reasons expressed in *First Tower Loan v. Combs*, *supra*, this assignment has merit.

The loan agreement reflects a finance charge of $1,677.08. Total payments would come to $5,512.00; according to the affidavit, the unpaid balance, after all rebates, is $5,429.40. There is no further requirement for an itemization of payments or how the amount sued upon was calculated. *Moore Fin. Co. v. Ebarb*, 46,392 (La. App. 2 Cir. 5/18/11), 70 So. 3d 856. The district court lacked authority to render judgment for a principal amount other than $5,429.40. The judgment will be amended to this amount.

### *Award of Interest*

By its fourth assignment of error, Tower Loan urges the court erred in failing to award interest as prayed for and as mandated by La. C.C. art. 1921. By its fifth assignment, Tower Loan urges the court erred in reducing the interest in the judgment to "legal interest" from the amount stated in the promissory note, contrary to La. R.S. 9:3519 and 9:3522. For the reasons expressed in *First Tower Loan v. Combs*, *supra*, these assignments have merit.

The loan agreement states that the amount financed was $3,834.92. Under La. R.S. 9:3519, Tower Loan could charge 27% on that portion of the principal that exceeds $1,400 but does not exceed $4,000 (this portion would be $2,434.92) and 36% on the remaining portion ($1,400). The affidavit states that these rates, properly apportioned, yield a contractual rate of 31.57%. Moreover, Fitzgerald's loan was accelerated on June 6, 2020; hence, after June 6, 2021, the rate cannot exceed 18%. The amount prayed for in the petition, and stated in the proposed judgment, complies with the applicable laws.

The district court lacked authority to award interest different from that stated in the loan agreement, the petition, and the affidavit. The judgment will be amended to provide the contractual and legal rate.

## CONCLUSION

For the reasons expressed, the principal and interest stated in the judgment are amended as follows:

> **IT IS ORDERED, ADJUDGED, AND DECREED** that there be judgment herein in favor of the plaintiff, FIRST TOWER LOAN, LLC, d/b/a TOWER LOAN OF WINNFIELD, and against the defendant, BRYAN J. FITZGERALD, a/k/a BRYAN FITZGERALD (SSN XXX-XX-1420), in the amount of $5,429.40, together with interest thereon at the rate of 31.57% per annum for one year beginning June 6, 2020, and 18% thereafter.

In all other respects, the judgment is affirmed. All costs are to be paid by the borrower, Bryan J. Fitzgerald, a/k/a Bryan Fitzgerald.

**AMENDED, AFFIRMED AS AMENDED, AND RENDERED**.

4