756 So.2d 384 (1999)
Maurice CANTY
v.
Edgar C. DAY, Warden, et al.
No. 99 CA 0649.
Court of Appeal of Louisiana, First Circuit.
December 28, 1999.
*385 Maurice Canty, DeQuincy, plaintiff/appellant, pro se.
Debra A. Rutledge, Baton Rouge, Counsel for defendants/appellees, Edgar C. Day, Warden, et al.
Before: LeBLANC, FOIL and WHIPPLE, JJ.
WHIPPLE, J.
In this prisoner suit, plaintiff seeks review of the denial of the relief requested in his Administrative Remedy Procedure ("ARP"). Specifically, he contends that the Department of Public Safety and Corrections ("the DPSC") has improperly determined that he was ineligible to earn good time as a habitual offender. For the following reasons, we affirm the trial court's judgment, dismissing plaintiffs petition for judicial review.
Plaintiff challenges the DPSC's classification of him as a habitual offender on the basis that there was a discrepancy between the minutes and sentencing transcript as to whether he was sentenced pursuant to the habitual offender statute, LSA-R.S. 15:529.1. According to plaintiff, although the minute entry recites that he was sentenced pursuant to LSA-R.S. 15:529.1, the transcript of the sentencing hearing demonstrates that he was not. The essence of plaintiffs argument seems to be that when sentencing an individual as a habitual offender, the trial court must specifically state that it is imposing sentence pursuant to LSA-R.S. 15:529.1. Plaintiff asserts that because the trial court did not specifically state that he was sentencing plaintiff "pursuant to LSA-R.S. 15:529.1," the habitual offender statute, he was not sentenced as a habitual offender. We disagree.
Plaintiff pled guilty to possession of cocaine. The minutes reflect that sentence was imposed "under the provisions of La. R.S. 15:529.1." The sentencing transcript shows that the court stated as follows:
The State has filed a multiple offender Bill of Information against Mr. Canty alleging that he ... has been previously convicted of the crime of unauthorized entry of an inhabited dwelling to which you pled guilty ... [and] that you are the same person who has a conviction for possession of cocaine to which you pled guilty ....
To those prior charges, sir, how do you plead?
THE DEFENDANT:
Guilty, sir.
* * * * * *
THE COURT:
* * * * * *
I find him a third felony offender.
At this time, the Court will vacate the sentence I have just imposed and order that he be turned over to the Director, *386 Louisiana Department of Corrections for a period of five years at hard labor....
The sole purpose of the portion of the hearing quoted above was for the trial court to rule on the multiple offender bill, and it is clear from the quoted language that plaintiff was adjudicated a third felony offender and sentenced as such. Moreover, we find that the procedure followed by the trial court was in accordance with the provisions of LSA-R.S. 15:529.1(D). Specifically, the transcript clearly indicates that after plaintiff acknowledged in open court that he had been convicted of two prior felonies, the court found that he was a third felony offender, vacated the previous sentence and imposed a new sentence. See LSA-R.S. 15:529.1(D)(2) & (3).
We find nothing in the wording of LSR.S. 15:529.1 to require that the sentencing judge use any specific or particular words, such as "defendant is sentenced as a habitual offender" or "defendant is sentenced pursuant to LSA-R.S. 15:529.1" at the very moment the new sentence is imposed, where it is clear from the transcript of the sentencing hearing that the defendant was adjudicated and sentenced as a multiple offender in proceedings conducted for that very purpose. Diminution of sentence is disallowed, pursuant to LSA-R.S. 15:571.3(c)(2), for an individual inmate sentenced under LSA-R.S. 15:529.1. This argument lacks merit.
Regarding the remaining arguments made by plaintiff, we note that these arguments were not raised in plaintiffs request for ARP. Rather, these complaints were raised for the first time in his appeal to the district court, and only after the commissioner had issued his recommendation. The courts will not entertain new claims raised for the first time on appeal. Accordingly, the remaining issues raised by plaintiff are not properly before this court and will not be considered. See LSA-R.S. 15:1177(A)(5); Robinson v. Cain, 98-1503, pp. 4-5 (La.App. 1st Cir.6/25/99), 739 So.2d 882, 884.

CONCLUSION
For the above and foregoing reasons, the January 19, 1999 judgment of the trial court, dismissing plaintiffs petition for judicial review with prejudice, is affirmed. Costs of this appeal in the amount of $530.94 are assessed against plaintiff, Maurice Canty.
AFFIRMED.