# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 23, 2012

No. 11-30725
Summary Calendar

Lyle W. Cayce
Clerk

EAST BATON ROUGE PARISH SCHOOL BOARD,

Plaintiff-Appellee

v.

KELVIN WELLS,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-333

Before WIENER, STEWART, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Kelvin Wells appeals the district court's order remanding to the state court a petition by the East Baton Rouge Parish School Board (Board)) seeking to enjoin Wells from coming within 1000 feet of the Magnolia Woods Elementary School and forbidding him from communicating with specific school officials during the duration of his children's enrollment at the school. The district court determined that it lacked subject matter

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

jurisdiction over the case because the petition did not raise a federal question and the citizenship of the parties was not diverse.

In seeking a remand, Wells argues that the federal court should exercise jurisdiction over this case because there is ongoing racial discrimination against African-Americans in the East Baton Rouge Parish school system, that is not being addressed by the state courts. He complains specifically that he, his family, and other African-Americans are retaliated against by the white principal and teachers at the Magnolia Woods Elementary School. Although his pleadings reflect that his address is in Baton Rouge, Louisiana, Wells asserts for the first time on appeal that he has a home of record in San Antonio, Texas.

A remand order of a case previously removed from state court is not reviewable on appeal if the district court's remand is based on a lack of subject matter jurisdiction or because of a defect in the removal procedure made within 30 days of the removal. *See* 28 U.S.C. § 1447(c), (d); *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996); *Certain Underwriters at Lloyds, London, and Other Insurers Subscribing to Reinsurance Agreements F96/2922 and F97/2992/00 v. Warrantech Corp, et al,* 461 F.3d 568, 571-72 (5th Cir. 2006).

The district court determined that there was a lack of subject matter jurisdiction and a defect in the removal procedure because the Board's petition sought injunctive relief under state law only and the record did not reflect the existence of diversity of citizenship between the parties. As there is a plausible indication that the district court remanded this action to state court for lack of subject matter jurisdiction or a defect in the removal procedure noted within 30 days of the removal, § 1447(d) defeats appellate jurisdiction under 28 U.S.C. § 1291. *See Heaton v. Monogram Credit Card Bank of Ga.*, 231 F.3d 994, 997 (5th Cir.2000). The appeal is dismissed for lack of appellate jurisdiction. *Id.* at 1000.

Wells has filed more that 30 appeals in this court since 2001, none of which have been successful. Many have been dismissed pursuant to 5th Cir. R. 42.3 for want of prosecution, several for lack of jurisdiction, and others as

No. 11-30725

frivolous.  Pro se litigants do not have "unrestrained license to pursue totally frivolous appeals."  *Clark v. Green*, 814 F.2d 221, 223 (5th Cir. 1987).  We caution Wells that future frivolous, repetitive, or otherwise abusive filings may result in the imposition of sanctions, including dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court or any court subject to this court's jurisdiction.  Wells is instructed to review any pending matters and move to dismiss any that are frivolous.

APPEAL DISMISSED; SANCTION WARNING ISSUED.