THERIOT, J.
12This is an appeal by plaintiffs, Kelda Price and Kelvin Wells, following the trial court’s granting of a motion for summary judgment in favor of defendant, GEICO General Insurance Company (GEICO), dismissing plaintiffs’ suit with prejudice. GEICO filed an ex parte motion to dismiss the appeal. For the reasons that follow, we deny the motion to dismiss the appeal and affirm the judgment appealed.
FACTS AND PROCEDURAL HISTORY
The plaintiffs filed a petition for damages against GEICO on October 19, 2010, claiming that GEICO acted in bad faith when it refused to pay for damage to their two vehicles after they were intentionally damaged by a hit-and-run driver. The procedural history of this case is fully set forth in a prior unpublished opinion of this court, Price v. GEICO General Insurance Company, 12-0861 (La.App. 1 Cir. 4/18/13). In that appeal, this court affirmed the trial court’s granting of GEI-CO’s exception of no cause of action, but reversed the portion of the judgment dismissing plaintiffs’ claims with prejudice and remanded the case to the trial court to give plaintiffs an opportunity to amend their petition so as to state a cause of action. After plaintiffs filed an amended petition on July 18, 2013, GEICO filed an Exception of No Cause of Action/Motion for Summary Judgment on August 1, 2013. No opposition was filed by plaintiffs. A hearing was held on GEICO’s motion on October 28, 2013, after which the trial court granted GEICO’s motion for sum *2 mary judgment, dismissing the plaintiffs’ claims with prejudice at their cost. Plaintiffs appealed.'
Plaintiffs’ pro se appellate brief, although timely filed on January 14, 2014, fails to comply with the applicable Uniform Rules-Courts of Appeal. On January 22, 2014, GEICO filed an ex parte motion to dismiss the ^plaintiffs’ appeal on the grounds that the plaintiffs’ brief contained fatal deficiencies, warranting dismissal. The motion was referred to the merits.
DISCUSSION
The requirements for an appellant’s brief are set forth in Rule 2-12.4 of the Uniform Rules:
A. The brief of the appellant shall contain, under appropriate headings and in the order indicated:
(1) a table of contents with page references;
(2) a table of authorities, including cases alphabetically arranged, statutes and other authorities, with references to the pages of the brief where the authorities are cited;
(3) a jurisdictional statement setting forth the constitutional and statutory basis for the court to exercise appellate jurisdiction, with citations to applicable provisions. The jurisdictional statement shall also include the dates of the judgment appealed and of the motion and order for appeal to establish the timeliness of the appeal and the following, as applicable:
(a)an assertion that the appeal is from a final appealable judgment and, if the appealability is dependent upon a designation by the trial court, a reference to the specific page numbers of the record where the designation and reasons for the designation are to be found, or
(b) an assertion that the appeal is from an interlocutory judgment or order which is appealable as expressly provided by law, or
(c) an assertion of information establishing the court of appeal’s jurisdiction on some other basis;
(4) a concise statement of the case indicating the nature of the case, the action of the trial court and the disposition;
(5) assignments of alleged errors;
(6) a listing of issues presented for review;
(7) a statement of facts relevant to the assignments of error and issues for review, with references to the specific page numbers of the record;
]4(8) a short summary of the argument, i.e., a succinct, clear and accurate statement of the arguments made in the body of the brief;
(9) the argument, which shall contain:
(a) appellant’s contentions, with reference to the specific page numbers of the record and citations to the authorities on which the appellant relies,
(b) for each assignment of error and issue for review, a concise statement of the applicable standard of review, which may appear in the discussion or under a separate heading placed ber fore the discussion, and
(c) for each assignment of error and issue for review which required an objection or proffer to preserve, a statement that the objection or proffer was made, with reference to the specific page numbers of the record; and
(10) a short conclusion stating the precise relief sought.
B. (1) A copy of the judgment, order, or ruling complained of, and a copy of either the trial court’s written reasons *3 for judgment, transcribed oral reasons for judgment, or minute entry of the reasons, if given, shall be appended to the brief of the appellant. If reasons for judgment were not given, the brief shall so declare.
(2) Citation of Louisiana cases shall be in conformity with Section VIII of the Louisiana Supreme Court General Administrative Rules. Citations of other cases shall be to volume and page of the official reports (and when possible to the unofficial reports). It is recommended that where United States Supreme Court cases are cited, all three reports be cited, e.g., Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).
(3) The court may disregard the argument on an assignment of error or issue for review if suitable reference to the specific page numbers of the record is not made.
(4) All assignments of error and issues for review must be briefed. The court may consider as abandoned any assignment of error or issue for review which has not been briefed.
[Emphasis added.]
As noted in GEICO’s motion to dismiss, plaintiffs’ brief failed to include: the dates of the judgment appealed and the motion and order for ^appeal; an assertion that the appeal is from a final appealable judgment; an assignment of alleged errors; a listing of issues presented for review; an argument on each assignment of error; and a copy of the judgment or ruling complained of. Although plaintiffs’ notice of appeal states that they are appealing from the summary judgment in favor of GEICO on the grounds that no answer was filed to their amended petition and because of a vague recusal issue, plaintiffs’ brief only references an “exception,”[1] and the entire argument contained in plaintiffs’ brief is as follows:
It is Plaintiffs[’] position that the trial Court[’]s rulings are incorrect with this matter demanding thorough investigation reuiring [sic] that Exception be overturned with jurisdiction remaining in the Court of Appeals.
Although pro se, these plaintiffs are not unfamiliar with the appellate process. Plaintiffs have been litigants in many proceedings before this and other courts of appeal in recent years, and a recent decision by the U.S. Fifth Circuit noted that Mr. Wells “has filed more tha[n] 30 appeals in this court since 2001, none of which have been successful.” East Baton Rouge Parish School Bd. v. Wells, 467 Fed.Appx. 294, 295 (5th Cir.2012). Furthermore, in the plaintiffs’ prior appeal in this matter, this court warned the plaintiffs that their brief failed to comply with Rule 2-12.4 in that it contained no specifications or assignments of error, and warned plaintiffs that the court could summarily dismiss their appeal for this noncompliance. Although this court has previously held that dismissal of the appeal is not an appropriate remedy where a pro se litigant fails to comply with the provisions of Rule 2-12.4, the sanction to be imposed for a non-conforming brief is left to the discretion of the court. Richardson v. North Oaks Hosp., 11-1258, p. 3-5 (La. App. 1 Cir. 2/13/12), 91 So.3d 361, 364-65; Williams v. Fischer, 439 So.2d 1111, 1112 (La.App. 1 Cir.1983). (r. p. 97). Under these circumstances, since plaintiffs’ brief contained no specific assignments of error *4 and no argument, we consider plaintiffs’ vague assertion that the trial court judgment was in error abandoned. See Uniform Rules-Courts of Appeal, Rule 2.12-4.
DECREE
The judgment of the trial court granting GEICO’s motion for summary judgment is affirmed. Costs of this appeal are assessed to plaintiffs-appellants, Kelda Price and Kelvin Wells.
MOTION TO DISMISS DENIED; JUDGMENT AFFIRMED.
GUIDRY, J. concurs.

. Plaintiffs'brief states: "Appellants!’] motion to compel, discovery, motions to continue, all were denied proper due process and equal protection concluding with Judge Wilson Fields ignoring pertinent and erequired [sic] information in error sustaining Defendant[’]s exception causing this appeal.”