## NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

2019 CA 1661

MIDLAND FUNDING LLC

VERSUS

LASHANA DEN Q POLLARD

Judgment rendered: **AUG 0 6 2020**

* * * * *

On Appeal from the
City Court of Hammond, Seventh Ward
In and for the Parish of Tangipahoa
State of Louisiana
No. 2019CV01624

The Honorable Grace B. Gasaway, Judge Presiding

* * * * *

| | |
|---|---|
| Gregory M. Eaton | Attorneys for Plaintiff/Appellee |
| Michael L. Lancaster | Midland Funding LLC |
| Adam R. Deniger | |
| Baton Rouge, Louisiana | |
| | |
| Lashana Den Q Pollard | In Proper Person/Appellant |
| Hammond, Louisiana | |

* * * * *

**BEFORE: McCLENDON, WELCH, AND HOLDRIDGE, JJ.**

**HOLDRIDGE, J.**

In this suit to recover sums due on an open account, Lashana Den Q Pollard (Lashana) appeals the final default judgment entered against her by Hammond City Court in Tangipahoa Parish. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

On September 23, 2019, Midland Funding LLC (Midland Funding) filed a petition in Hammond City Court against Lashana seeking to recover money owed in the amount of $9,890.80, together with 5% interest from date of judgment, and all costs of these proceedings. The petition alleged that Lashana had an outstanding balance due on her Zales account, which had the number ************1662 (the account), and the balance remained after amicable demand on July 30, 2019. Midland Funding also filed a request for admission of fact as to the outstanding balance, attorney fees, and account at issue.

In further support of its petition, Midland Funding filed a "Supplemental Affidavit of Correctness of Account," which contained the affidavit of Tom Lydeen, a legal specialist employed by Midland Funding to oversee Lashana's account. Attached to the affidavit were copies of the records Lydeen reviewed when analyzing the account, which included proof of assignment of the account, notice to Lashana of the sale of the account from Comenity Capital Bank to Midland Funding, and multiple monthly statements addressed to Lashana at her address of record that showed payments made on the account. The affidavit further included business records from Comenity Capital Bank that revealed that Lashana was the holder of the account, as it included her full name, social security number, and account identification that was attached to the account.

2

On September 26, 2019, Lashana was served through domiciliary service.[1] Once served, Lashana did not file an answer, exception, any other responsive pleading, or otherwise make an appearance in the case. Consequently, Midland Funding filed a motion for confirmation of default without the necessity of a hearing. On October 15, 2019, a final default judgment was entered against Lashana and in favor of Midland Funding. On October 21, 2019, notice of the judgment was served on Lashana through domiciliary service.[2] From this judgment, Lashana appeals.

## DISCUSSION

Lashana's appellate brief contains no specifications or assignments of error. *See* Uniform Rules, Courts of Appeal, Rules 1–3 and 2–12.4(A)(5) & (6). The crux of Lashana's position appears to be that a third party is responsible for the account at issue due to a community property judgment. In further violation of the court rules, her brief contains neither argument nor citations to legal authorities. *See* Uniform Rules, Courts of Appeal, Rule 2–12.4(A)(9) and (B)(4). This court may consider as abandoned any issue for review that has not been briefed. Price v. GEICO General Insurance Company, 2013-2216 (La. App. 1 Cir. 9/19/14), 155 So.3d 1, 3-4; Uniform Rules, Courts of Appeal, Rule 2–12.4(B)(4). Nevertheless, due to Lashana's *pro se* status, this court will consider the merits of her appeal despite the improper form of her brief. *See* Lewis v. Jindal, 2015-1329 (La. App. 1 Cir. 4/15/16), 2016 WL 1545629, at *1 (unpublished), writ denied, 2016-0840 (La. 6/17/16), 192 So.3d 772; Putman v. Quality Distribution, Inc., 2011-0306 (La. App. 1 Cir. 9/30/11), 77 So.3d 318, 320.

---

[1] Service was made upon George Pollard, Lashana's husband.

[2] In accordance with La. C.C.P. art. 1913(B), "[n]otice of the signing of a final default judgment against a defendant on whom citation was not served personally ... shall be served on the defendant by the sheriff, by either personal or domiciliary service[.]" In this case, domiciliary service was made upon John Pollard.

3

Initially, we note that Lashana raised no specific issue or error regarding the October 15, 2019 final default judgment rendered against her. In reviewing final default judgments, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. Bordelon v. Sayer, 2001-0717 (La. App. 3 Cir. 3/13/02), 811 So.2d 1232, 1235, writ denied, 2002-1009 (La. 6/21/02), 819 So.2d 340. When a final default judgment recites that the plaintiff has produced due proof in support of his demand and that the law and evidence favor the plaintiff and are against the defendant, there is a presumption that the default judgment has been rendered upon sufficient evidence to establish a prima facie case and is correct, and the appellant has the burden of overcoming that presumption. McCall v. Marshall, 51,708 (La. App. 2 Cir. 11/15/17), 244 So.3d 1213, 1215. The appeal record of a final default judgment without a hearing contains the entirety of the evidence before the trial judge, and the appellate court is able to determine whether the evidence submitted was competent and sufficient. *Id.* This determination is a factual one governed by the manifest error standard of review. *Id.*; *see also* Arias v. Stolthaven New Orleans, L.L.C., 2008-1111 (La. 5/5/09), 9 So.3d 815, 818.

The law and procedure relative to final default judgments in city courts is set forth in Louisiana Code of Civil Procedure article 4901, *et seq.* In parish and city courts, if the defendant fails to answer timely, or if he fails to appear at the trial, and the plaintiff proves his case, a final default judgment in favor of the plaintiff may be rendered with no preliminary default necessary. La. C.C.P. art. 4904(A). The plaintiff may obtain a final default judgment only by producing relevant and competent evidence which establishes a prima facie case. La. C.C.P. art. 4904(B). When the suit is for a sum due on an open account, promissory note, negotiable instrument, or other conventional obligation, prima facie proof may be submitted

4

by affidavit. *Id.* Finally, a defendant against whom a default judgment is confirmed may not assert an affirmative defense on appeal. Having failed to answer or defend the suit, a defendant cannot defeat the default judgment against it by asserting a defense. Cunningham v. M & S Marine, Inc., 2005-0805 (La. App. 4 Cir. 1/11/06), 923 So.2d 770, 774.

In this case, Lashana argues that a third party is responsible for the account for the first time on appeal.[3] Midland Funding counters that this argument was not presented in the trial court and therefore cannot be raised on appeal for the first time. Midland Funding further argues that Lashana's argument constitutes an affirmative defense, which was waived when she failed to file an answer or responsive pleading.

In reviewing a final default judgment, a court of appeal is limited to a determination of whether the record contains sufficient evidence to establish a prima facie case. Louisiana Workers' Compensation Corp. v. Pro Source Roofing, Inc., 2004-1118 (La. App. 1 Cir. 3/24/05), 907 So.2d 113, 116. Upon reviewing the record, it is clear that Lashana failed to answer Midland Funding's petition or respond after being served with notice. In her appeal, Lashana makes no argument as to how the trial court erred in rendering the final default judgment against her. Instead, on appeal she raises the defense that a third party is responsible for the sums due on the account for the first time on appeal. Given Lashana's failure to answer or defend the suit, the law is clear that she cannot defeat the final default judgment rendered against her by asserting such a defense on appeal. *See* Hall v. Folger Coffee Co., 2002-0920, 2002-0921 (La. App. 4 Cir. 10/1/03), 857 So.2d 1234, 1245, writ denied, 2003-1756 (La. 10/17/03), 855 So.2d 762, and writ

---

[3] The record reveals that Tuvoris Q. Hill, Lashana's former husband, was ordered to make monthly payments on the account in a prior judgment. We note that although this final judgment has no effect on Midland Funding, Lashana is not precluded from asserting a claim for reimbursement against Mr. Hill.

denied, 2003-3416 (La. 6/25/04), 876 So.2d 827. The long-standing rule of law is that appellate courts will not consider issues raised for the first time on appeal, which are not pleaded in the court below, and which the trial court has not addressed. Canty v. Day, 99-0649 (La. App. 1 Cir. 12/28/99), 756 So.2d 384, 386.

Accordingly, after reviewing the record in its entirety, we find that the evidence offered by Midland Funding was sufficient to establish a prima facie case prior to the entry of the final default judgment. The affidavit submitted by Midland Funding proves the existence and validity of its claim that Lashana defaulted on the account. We further find that Lashana failed to make an appearance in the record or provide any evidence to rebut the presumption that the judgment was rendered upon sufficient evidence and is legally correct. Therefore, we find that the trial court correctly granted Midland Funding's motion for confirmation of default judgment.

## CONCLUSION

For the reasons set forth, we affirm the October 15, 2019 judgment in favor of Midland Funding LLC and against Lashana Den Q Pollard. Costs of this appeal are assessed to Lashana Den Q Pollard.

**AFFIRMED.**