# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-186

LAURA A. WOODS

VERSUS

PATRICK CARTSON

**********

APPEAL FROM THE
FIFTHTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20220544
HONORABLE DAVID M. SMITH, DISTICT JUDGE

**********

**VAN H. KYZAR**
**JUDGE**

**********

Court composed of Shannon J. Gremillion, Van H. Kyzar, and Charles G. Fitzgerald, Judges.

**APPEAL DISMISSED.**

**Laura A. Woods**
**204 Belfast Street #C**
**Lafayette, LA 70506**
**(337) 484-7581**
**In Proper Person for Plaintiff/Appellant**
        **Laura A. Woods**

**Patrick Carter**
**112 Hiawatha Road**
**Lafayette, LA 70501**
**(337) 991-5787**
**In Proper Person for Defendants/Appellees**
        **Patrick Carter**
        **PA Auto LLC**

**Nakia Zenon**
**112 Hiawatha Road**
**Lafayette, LA 70501**
**In Proper Person for Defendants/Appellees**
        **Nakia Zenon**
        **Top Auto Rental & Sales LLC**

**KYZAR, Judge.**

Laura A. Woods ("Plaintiff") appeals the granting of a Motion to Dismiss for Res Judicata dismissing Plaintiff's claims against Patrick Carter,[1] PA Auto LLC, Nakia Zenon, and Top Auto Rental & Sales LLC ("Defendants"). For the following reasons, we dismiss the appeal.

## DISCUSSION OF THE RECORD

This case involves a dispute regarding the charges incurred by the Plaintiff when she took a 2002 Chevrolet Avalanche to PA Auto LLC for repairs. Plaintiff refused to pay for the balance of the repair costs over and above the $200.00 deposit she put down and was unable to pick up the vehicle. In addition to the repair cost, Plaintiff incurred storage fees at the repair shop. Eventually, the vehicle was sold by Top Auto Rental & Sales LLC.[2]

Plaintiff on November 10, 2021, filed suit against Patrick Carter DBA PA Auto, LLC in the small claims division of the City Court of Lafayette. The basis for the lawsuit was that PA Auto LLC refused to provide her with a detailed invoice and that she was overcharged for the repairs. Following a hearing, judgment was rendered against Plaintiff on December 7, 2021, dismissing her claims for the failure to prove her case by reasonable evidence. Plaintiff did not appeal this judgment, but instead on February 2, 2022, filed a clerk's suit against Patrick Carter in the Fifteenth Judicial District Court for Lafayette Parish. This suit listed the reasons for the action as being:

---

[1] Plaintiff's original suit against Patrick Carter in district court listed him as Partick Cartson. Although later filings correctly named the defendant, both name variations are present throughout the record.

[2] The owner of PA Auto LLC and the owner of Top Auto Rental & Sales LLC are husband and wife.

Suing Mechanic Mr. Partick Cartson [sic] for return of my personal property due to the fact of knowing he has committed Fraudulent, Deceitful, and Disrespectful Along with blackmailing me by telling me in order to see my truck I have to sign an invoice without any detail about the breakdown repairs he did to my truck. I refused to sign.[3]

Mr. Carter filed a motion to dismiss for res judicata based on the previous judgment by the City Court of Lafayette. During the October 30, 2023 hearing on the motion, the trial judge reviewed the city court petition and judgment and determined the allegations in the city court action were the same as those in the district court suit. The trial judge granted the motion for res judicata and dismissed Plaintiff's suit.[4]

Plaintiff filed this appeal and was initially ordered to submit her brief by May 10, 2024.[5] The briefing notice advised Plaintiff that all briefs that did not comply with the requirements of the Uniform Rules—Courts of Appeal would be rejected. On June 25, 2024, this court forwarded Plaintiff a letter advising that her brief had not been filed within the time required by Rule 2–127 of the Uniform Rules—Courts of Appeal, and that she was required to file her brief by July 25, 2024, or her appeal would be dismissed. On August 15, 2024, this court returned Plaintiff's brief to her because it did not comply with the Uniform Rules–Courts of Appeal. A pro se manual with instructions on how to properly prepare a brief per the rules of court was included. Plaintiff was instructed to prepare her brief in the proper form and

---

[3]Plaintiff also filed a Petition for Damages against "Patrick Carter/PA Auto LLC" and an amended complaint adding Nakia Zenon/Top Auto Rental & Sales, LLC. Defendants filed a counter suit against Plaintiff.

[4]That original judgment, dated January 29, 2024, was amended on April 30, 2024, to add proper decretal language.

[5]On May 3, 2024, this court issued a new briefing order advising that Plaintiff's brief would be due on May 28, 2024.

mail it to the court. Her pro se appeal as briefed attempts to challenge the trial court's judgment dismissing her claims.

## OPINION

Despite being instructed to resubmit her brief in compliance with the Uniform Rules—Courts of Appeal, Plaintiff has failed to do so. Some of the violations of the uniform rules include the following:

Uniform Rules—Courts of Appeal, Rule 2-12.2(C)(1)(e): no certificate of service.

Uniform Rules—Courts of Appeal, Rule 2-12.2(C)(2): improper size type, font, and margins.

Uniform Rules—Courts of Appeal, Rule 2-12.3(1): failure to provide the correct title of this court.

Uniform Rules—Courts of Appeal, Rule 2-12.3(4): failure to provide the name or title of the court and parish from which the case originated on the cover.

Uniform Rules—Courts of Appeal, Rule 2-12.3(5): failure to provide the name of the judge who rendered the judgment complained of on the cover.

Uniform Rules—Courts of Appeal, Rule 2-12.3(8): failure to provide the nature of the brief.

Uniform Rules—Courts of Appeal, Rule 2-12.3(9): failure to provide the name of the [pro se defendants], with mailing address, email address, and telephone number on the cover.

Uniform Rules—Courts of Appeal, Rule 2-12.4(A)(2): failure to provide a table of authorities, including cases alphabetically arranged, statutes and other authorities, with references to the pages of the brief where the authorities are cited.

Uniform Rules—Courts of Appeal, Rule 2-12.4(A)(5): failure to provide the assignment of alleged errors.

Uniform Rules—Courts of Appeal, Rule 2-12.4(B)(3): failure to provide suitable reference to the specific page numbers of the record for the assignments of error.

Uniform Rules—Courts of Appeal, Rule 2-12.4(B)(4): failure to brief the assignments of error.

In some instances, the courts of this state have considered pro se briefs that do not comply with the Uniform Rules—Courts of Appeal,[6] however, the sanction to be imposed for a non-conforming brief is left to the discretion of the court. *Price v. Geico Ins. Co.*, 13-2216, p. 5 (La.App. 1 Cir. 9/19/14), 155 So.3d 1, 3. In this case, Plaintiff's brief is incomprehensible. There are no assignments of error, but only copy and paste references to the Fourteenth Amendment to the United States Constitution's due process protection, the Federal Rules of Appellate Procedure, and to nonspecific allegations of fraud by the trial judge. There is no argument regarding any reason the dismissal of Plaintiff's case by the judgment applying the principles of res judicata was improper.

Uniform Rules—Courts of Appeal, Rule 2-12.4(B)(4) provides, "The court may consider as abandoned any assignment of error or issue which has not been briefed." In discussing the requirements for briefing assignments of error, this court in *McCorvey v. McCorvey*, 05-174, p. 6 (La.App. 3 Cir. 11/2/05), 916 So.2d 357, 363, *writ denied*, 05-2577 (La. 5/5/06), 927 So.2d 300, stated:

> Ms. McCorvey argues that the assignment of error on venue should be deemed abandoned where Defendant failed to brief the issue pursuant to Uniform Rules, Court of Appeal Rule 2–12–4. This rule provides in pertinent part that Defendant's brief must contain an argument confined strictly to the issues of the case, free from unnecessary repetition, giving accurate citations of the pages of the record and the authorities cited. Also, the argument must include a suitable reference by volume and page to the place in the record which contains the basis for the alleged error. Otherwise, the court may consider as abandoned any specification or assignment of error which

[6] *Carr v. St. Tammany Par.*, 20-146 (La.App. 1 Cir. 2/24/21), *writ not considered,* 21-610 (La. 6/22/21), 318 So.3d 45 (unpublished opinion); *Doane v. Omni Royal Orleans Hotel*, 16-144 (La.App. 4 Cir. 10/26/16); 204 So.3d 615; *Greenwood Cmty. Ctr. v. Calep*, 48,737 (La.App. 2 Cir. 1/15/14), 132 So.3d 470; *Williams v. Sewerage & Water Bd.*, 21-20 (La.App. 4 Cir. 1/5/22), 334 So.3d 818.

has not been briefed. *See Hansel v. Holyfield*, 00-62 (La.App. 4 Cir. 12/27/00), 779 So.2d 939, *writs denied*, 01-276, 01-279 (La.4/12/01), 789 So.2d 591.

Even with the leniency provided to pro se litigants, Plaintiff's brief does not permit a rational examination of any assignments of error or legal reason why the judgment of the trial court was improper on the grounds of res judicata. All of Plaintiff's arguments not related to the issue of the granting of the exception of res judicata cannot be considered.

In *Chaumont v. City of New Orleans*, 20-17, p. 4 (La.App. 4 Cir. 6/3/20), 302 So.3d 39, 45–46, the court stated:

> Appellant *mentions* the first two assignments of error in his appellate brief, but fails to fully argue the merits thereof. Pursuant to Rule 2-12.4 of the Uniform Rules, Courts of Appeal, all specifications or assignments of error must be briefed, and the appellate court may consider as abandoned any specification or assignment of error that has not been briefed. Further, Rule 2-12.13 of the Uniform Rules, Courts of Appeal addresses non-compliant briefs and provides that "[b]riefs not in compliance with these Rules may be stricken in whole or in part by the court, and the delinquent party or counsel of record may be ordered to file a new or amended brief." Thus, the sanction to be imposed for a non-conforming brief is left to the discretion of the court. *Cangelosi v. Treasure Chest Casino, L.L.C.*, 18-72, p. 3 (La. App. 5 Cir. 7/31/18), 252 So.3d 559, 562, *writ denied*, 2018-1446 (La. 11/20/18), 256 So.3d 997. Accordingly, this Court may decline to consider the first and second assignments of error on these grounds. *State v. Anderson*, 97-2587, pp. 9-10 (La. App. 4 Cir. 11/18/98), 728 So.2d 14, 20 (stating that "any specification or assignment of error not briefed is considered abandoned").

> In the appellate brief, Appellant fully briefed the third assignment of error; however, none of the constitutional arguments were properly raised before the trial court and thus are waived on appeal. Before the trial court, Appellant only argued that the City ordinances were unconstitutional by violating the Equal Protection and Due Process clauses of the Fourteenth Amendment, but failed to elaborate further. Appellant's arguments with respect to the First, Fourth, Fifth, and Eighth Amendments were not pled before the trial court and thus are now raised for the first time on appeal. It is well settled that appellate courts will not consider issues raised for the first time, which are not pleaded in the court below and which the district

5

court has not addressed. *Council of City of New Orleans v. Washington*, 2009-1067, pp. 3-4 (La. 5/29/09), 9 So.3d 854, 856.

Accordingly, Plaintiff's appeal of the judgment granting Defendants' exception of res judicata against her is dismissed for non-compliance with the Uniform Rules—Courts of Appeal, and for abandonment for failure to brief any issue related thereto.

## DECREE

For the foregoing reasons, the appeal of Laura A. Woods is dismissed. Costs of this appeal are assessed to Plaintiff, Laura A. Woods.

**APPEAL DISMISSED.**