STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2025 CA 0056

MAYO WHITTON, DEA WHITTON, CHRIS WHITTON, CODY
WHITTON, SHIRAS WHITTON, INDIVIDUALLY, AND ON
BEHALF OF HIS MINOR CHILD RYLANCE C. WHITTON

VERSUS

THE LOUISIANA HOUSING FINANCE AGENCY, ASD
CONSULTANT, INC., LOUISIANA SYSTEMS BUILT HOME, LLC

Judgment Rendered: **NOV 0 7 2025**

* * * * *

On Appeal from the
19th Judicial District Court
In and for the Parish of East Baton Rouge
State of Louisiana
Trial Court No. 591359 • Sec. 22

Honorable Beau M. Higginbotham, Judge Presiding

* * * * *

J. Arthur Smith, III                         Counsel for Appellants-Plaintiffs,
Seth M. Dornier                              Mayo Whitton, Dea Whitton, Chris
J. Arthur Smith, IV                          Whitton, Cody Whitton, Shiras
Baton Rouge, Louisiana                       Whitton, and Rylance C. Whitton


J. Wendell Clark                             Counsel for Appellee-Defendant,
David L. Guerry                              Louisiana Housing Corporation,
Sharon S. Whitlow                            formerly Louisiana Housing Finance
Mark L. Barbre                               Agency
Baton Rouge, Louisiana


Arthur W. Landry                             Counsel for Appellee-Defendant,
Jeanne A. Landry                             ASD Consultants, Inc.
New Orleans, Louisiana

Keely Y. Scott
Christopher J. Bourgeois
Kaitlyn J. Dyer
Autumn M. Coe
Baton Rouge, Louisiana

Counsel for Appellee-Defendant,
Bastoe Plumbing, LLC

\* \* \* \* \*

BEFORE:  LANIER, WOLFE, AND HESTER, JJ.

**HESTER, J.**

This litigation involves the construction of a new modular home. Herein, the homeowners appeal the trial court judgment granting summary judgment in favor of the contractor under the New Home Warranty Act. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

The factual and procedural background of this appeal is set out in a related appeal, 2025 CA 0057, also decided on this date. The background relevant to this appeal is repeated herein.

On June 7, 2010, the plaintiffs, Mayo Whitton ("Mr. Whitton")[1], Dea Whitton, Chris Whitton, Cody Whitton, and Shiras Whitton, individually and on behalf of his minor child, Rylance C. Whitton (collectively "the Whittons") filed a Petition for Damages, naming defendants including the Louisiana Housing Corporation, formerly Louisiana Housing Finance Agency ("LHC") and ASD Consultants, Inc. ("ASD"). In their petition, the Whittons sought damages arising from their allegedly defective modular home constructed by ASD and obtained *via* a grant through the Louisiana Restore Share Grant Program administered by LHC. The Whittons contended that there were several defects in the modular home including defects that caused water intrusion that resulted in toxic mold. The Whittons alleged that the "defendants' repeated negligence in failing to repair the home, mitigate the water damage, and remediate the mold" resulted in the family suffering "coughing, sinus congestion, chest pain, compromised immune system, neurological damage and fungal growth in open sores."

On May 27, 2016, ASD filed a Motion for Summary Judgment, Alternatively, Motion for Partial Summary Judgment contending that the Whittons' claims were

---

[1] Mayo Whitton died on October 23, 2019, and in an order signed on May 17, 2022, Dea Whitton was substituted as plaintiff in the place of Mayo Whitton.

3

controlled by the New Home Warranty Act, La. R.S. 9:3141[2] ("NHWA"). ASD contended that the NHWA prevented the Whittons from recovering any damages they sought in their petition except to the extent that they can prove a "major structural defect" due to alleged defective workmanship. Specifically, ASD contended that the Whittons were not able to recover "damages for bodily injury or damage to personal property," "consequential damages," or "mold and mold damage."

ASD's motion came before the court for a hearing on November 21, 2016. On May 5, 2017, the trial court signed a judgment[3] ordering in pertinent part:

> IT IS ORDERED that the Motion for Partial Summary Judgment of ASD Consultants, Inc. is hereby GRANTED. All claims asserted by all plaintiffs herein against ASD Consultants, Inc. for any damages other than those allowed under the New Home Warranty Act ... and specifically, all claims asserted by plaintiffs herein against ASD Consultants, Inc., for any damages other than those representing "major structural defects" in the subject premises ... are hereby DISMISSED with prejudice.
>
> . . .
>
> IT IS FURTHER ORDERED that this Judgment is hereby designated as a final judgment by the Court, having made the express determination that there is no just reason for delay.

Several years later, on October 25, 2022, ASD filed another Motion for Summary Judgment contending that Mr. Whitton's failure to provide ASD an opportunity to remedy any defects in the home violated the NHWA and thereby voided the Whittons' claim in its entirety.

---

[2] Subsequent to the Whittons moving into their modular home in 2009 and filing suit against ASD in 2010, the New Manufactured and Modular Home Warranty Act, La. R.S. 51:912.4 was passed in 2012. However, the applicable version of the NHWA is the one in effect on the date the homeowners first occupy the house. **Siragusa v. Bordelon**, 2015-1372 (La. App. 1st Cir. 4/15/16), 195 So.3d 100, 104.

[3] The Whittons appealed the May 5, 2017 judgment, and in a related appeal handed down this same day, we determined that the appeal of the judgment was untimely. **Whitton v. The Louisiana Housing Finance Agency**, 2025 CA 0057. Since the judgment was final and not timely appealed, the Whittons' claims are limited to their claims under the NHWA. See **Richard v. Alleman**, 2011-1770 (La. App. 1st Cir. 5/2/12), 2012 WL 1550494 *1.

4

The Whittons filed an opposition to ASD's motion contending that there are genuine issues of material fact about whether Mr. Whitton limited ASD "from making requested repairs such that ASD was not given a reasonable opportunity to remedy the home's defects as required by La. R.S. 9:3145."

ASD's motion for summary judgment came before the court for a hearing on January 23, 2023. On March 15, 2023, the trial court signed a judgment granting ASD's motion and dismissing the Whittons' claims against ASD "in their entirety." It is from this judgment that the Whittons appeal contending that the trial court erred in granting summary judgment concluding that the Whittons waived their rights under the NHWA because genuine issues of material fact remain as to whether the Whittons refused to allow repairs and whether ASD was given a reasonable opportunity to repair the defects.[4]

## LAW AND ANALYSIS

Summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action. The procedure is favored and shall be construed to accomplish these ends. La. Code Civ. P. art. 966(A)(2). After an opportunity for adequate discovery, summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. La. Code Civ. P. art. 966(A)(3).

The burden of proof on a motion for summary judgment rests with the mover. La. Code Civ. P. art. 966(D)(1). However, if the mover will not bear the burden of

---

[4] The Whittons also raised as an assignment of error whether ASD's lack of an active Louisiana Residential Contractor's license at the time of construction precluded the enforcement of the NHWA repair requirements. Although the Whittons alleged that ASD did not have a Louisiana Residential Contractor's license this issue was not briefed nor was there evidence introduced to prove it. Therefore, we consider this assignment of error abandoned. See **Price v. GEICO General Insurance Company**, 2013-2216 (La. App. 1st Cir. 9/19/14), 155 So.3d 1, 3-4; Uniform Rules, Courts of Appeal, Rule 2-12.4(B)(4). Moreover, this court already determined in the related appeal of the May 5, 2017 judgment that the NHWA applied to the Whittons' claims.

proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense. Rather, the mover must point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. **Id.** The mover on a motion for summary judgment can meet its burden of proof on the motion by filing supporting documentary evidence such as pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions with its motion for summary judgment. See La. Code Civ. P. art. 966(A)(4).

Appellate courts review summary judgments *de novo*, using the same criteria that govern the trial court's consideration of whether summary judgment is appropriate. **Troncoso v. Point Carr Homeowners Association**, 2022-0530 (La. App. 1st Cir. 1/10/23), 360 So.3d 901, 913. In ruling on a motion for summary judgment, the court's role is not to evaluate the weight of the evidence or to make a credibility determination, but instead to determine whether or not there is a genuine issue of material fact. **Troncoso**, 360 So.3d at 914. A genuine issue is one as to which reasonable persons could disagree. However, if reasonable persons could reach only one conclusion, there is no need for trial on that issue and summary judgment is appropriate. **Id.** A fact is "material" when its existence or nonexistence is essential to the plaintiff's cause of action under the applicable theory of recovery. Any doubt as to a dispute regarding an issue of material fact must be resolved against granting the motion and in favor of a trial on the merits. **Id.** Whether a particular fact in dispute is material can be seen only in light of the substantive law applicable

to the case. **Troncoso**, 360 So.3d at 914. The substantive law applicable in this matter is found in the NHWA, La. R.S. 9:3141 et seq.

The purpose of the NHWA is to provide clear, concise, and mandatory warranties for the purchasers and occupants of new homes in Louisiana and by providing for the use of homeowners' insurance as additional protection for the public against defects in the construction of new homes. La. R.S. 9:3141. The NHWA provides the exclusive remedies, warranties, and peremptive periods as between builder and owner relative to home construction and no other provisions of law relative to warranties and redhibitory vices and defects shall apply. La. R.S. 9:3150. Unless the parties otherwise agree in writing, the following relevant items are excluded from the builder's warranty under La. R.S. 9:3144(B):

> (4) Any damage to the extent it is caused or made worse by any of the following:
>
> (c) Failure by the owner to give written notice by registered or certified mail to the builder of any defect within the time set forth in R.S. 9:3145. However, the provisions of this Subparagraph shall not be construed to change either the warranty periods enumerated in Subsection A of this Section or the notice requirements provided by R.S. 9:3145.
> . . .
> (5) Any loss or damage which the owner has not taken timely action to minimize.
> . . .
> (14) Bodily injury or damage to personal property.
> . . .
> (16) Any defect not reported in writing by registered or certified mail to the builder or insurance company, as appropriate, prior to the expiration of the period specified in Subsection A of this Section for such defect plus thirty days.
> . . .
> (19) Mold and mold damage.

Louisiana Revised Statutes 9:3145(A) states, "[b]efore undertaking any repair himself or instituting any action for breach of warranty, the owner shall give the builder written notice, by registered or certified mail, within one year after knowledge of the defect, advising him of all defects and **giving the builder a reasonable opportunity to comply with the provisions of this Chapter.**"

7

(Emphasis added.) Absent compliance with La. R.S. 9:3145, recovery under the NHWA is precluded. **Ledbetter v. Homes by Paige, L.L.C.**, 2011-0005 (La. App. 1st Cir. 3/23/12), 110 So.3d 141, 144, writ denied, 2012-0899 (La.6/1/12), 90 So.3d 445.[5]

In **Carter v. Duhe**, 2005-0390 (La.1/19/06), 921 So.2d 963 the supreme court reviewed a case in which the builder failed to give the owner written notice of the requirements of the LHWA at the time of the closing as specified in La. R.S. 9:3145. In that matter, the supreme court discussed the legislative purpose for the notice requirements from the owner to the builder before undertaking repairs or instituting an action against the builder:

> [T]he legislature has specifically excluded from the home builder's warranty any defects of which the owner fails to give the builder the required notice under the NHWA. The legislature decided the builder should not be responsible for defects of which he was never made aware and never given the chance to remedy in accordance with the standards of the NHWA. Without notice of defects, the builder is deprived of the more economically sound and judicially efficient alternative, i.e., the opportunity to cure the defects, an alternative in accord with the legislative intent to promote commerce and stability. In such a case, not only is the owner precluded from recovery under the NHWA, he is also precluded from any other theory of recovery because the NHWA provides the exclusive remedy between owners and new home builders. Thus, the applicability of the NHWA is not waived in such a case, it still applies as it is the exclusive remedy, but this type of defect is excluded from the builder's warranty as a penalty of the failure to give notice. **Carter v. Duhe**, 921 So.2d at 968.

In its motion for summary judgment, ASD does not dispute that it was given notice of the alleged defects in the premises but contends that the Whittons did not give ASD a "reasonable opportunity" to remedy any defects. In support of its motion

---

[5] The NHWA does not define or specify what constitutes "giving the builder a reasonable opportunity to comply." This court in **Ledbetter** determined that evidence was sufficient to support a verdict that the homeowners prevented the contractor from accessing the property and from having a reasonable opportunity to repair or replace the defective items, where the homeowner had constantly pointed out imperfections in home and bragged about having had people arrested, and the contractor testified that she was scared of the homeowner and that the homeowner had filed a complaint with local law enforcement alleging that the contractor had trespassed on their property, and the contractor's agent testified that the homeowner had made threatening comments to the agent on the agent's home phone and that the homeowner later filed another complaint with local law enforcement asserting that the contractor had stolen building materials from the home. **Ledbetter**, 110 So.3d at 144-46.

for summary judgment, ASD attached among other documents, the May 5, 2017 judgment granting ASD partial summary judgment; the Whittons' motion to substitute Dea Whitton for the deceased plaintiff, Mayo Whitton; the affidavit of Curtis Brown, the president of ASD; the affidavit of Rickey Bastoe, the owner and president of Bastoe Plumbing, LLC, the plumbing subcontractor for ASD for the Whittons' home; a November 20, 2009 letter to Mr. Whitton from Charlotte Minor, the program administrator for LHC; and excerpts from the deposition of Mr. Whitton.

In his affidavit, Mr. Brown attests that the Certificate of Occupancy was issued on June 25, 2009, and since that time until suit was filed "ASD made numerous attempts to obtain access to the subject premises for itself and its subcontractors for the purposes of inspecting and, if necessary, addressing the complaints registered by the Whittons," and "[o]n every occasion, ASD and its subcontractors, were denied access to the premises by Mr. Whitton." Mr. Brown further attests that after the Whittons obtained counsel, ASD communicated with counsel for the purpose of obtaining access to the premises to perform an inspection and to perform repairs if warranted, and again all efforts by ASD to obtain access to the premises were rebuffed by Mr. Whitton. In his affidavit, Mr. Bastoe attests that several representatives of Bastoe Plumbing, LLC attempted to access the Whittons' home to address any allegations that the plumbing work was inadequately performed, but they were denied access to the property by Dea and Mr. Whitton.

In the November 20, 2009 letter from Ms. Minor to Mr. Whitton, Ms. Minor stated that an inspection completed by LHC revealed that the issue was likely a fresh water leak and that ASD was notified of the issue and "[stood] ready to attend." Ms. Minor also noted that in a prior telephone conversation that "[Mayo Whitton] refuse[d] to have ASD on the property to assess the damage and/or make any necessary repairs covered under the warranty." Ms. Minor informed Mr. Whitton

9

that LHC was willing to have personnel meet him and ASD on site to assess the required work. Ms. Minor noted that ASD is "ready to be on-site immediately," and she requested that Mr. Whitton contact her immediately to give availability for an on site inspection.

ASD pointed to several excerpts in Mr. Whitton's deposition that it contends prove he did not give ASD a reasonable opportunity to repair any defects in the home. In his deposition, Mr. Whitton said "they called several times" and wanted to come repair, but he wanted to test and see what type of mold was there because his family was "all sick" and he wanted to know the type of mold to get the appropriate treatment for his family. Mr. Whitton also stated that ASD was not truthful with him and "[he] did not want them on [his] property." Mr. Whitton acknowledged that his attorney made a preliminary agreement in January 2010 to have ASD pay for an inspection by a certified industrial hygienist, but he did not allow that to happen because he did not trust the toxicologist provided by ASD because of "evidence of what [ASD has] done in the past to me." Mr. Whitton said that he would allow his property to be evaluated, but he did not want any repairs made because he wanted to find out what caused all of the problems in the home.

In opposition to ASD's motion for summary judgment, the Whittons contend that there are genuine issues of material fact regarding whether ASD was given a reasonable opportunity to remedy the defects in the home. The Whittons filed several documents with their motion for summary judgment including the complete deposition of Mr. Whitton; the letter from Ms. Minor and Mr. Mayo's response to the letter; and an affidavit of David Hopper, an employee with ALTEC Environmental Consulting, LLC with reports of surveys of the Whittons' home attached.

In his deposition, Mr. Whitton discussed several extensive problems with the home and made it clear that he did not trust ASD to properly make repairs. He stated

that he complained about the shower and air conditioner and that ASD returned to his home around June 28 or June 30 to do painting touch ups but "didn't address nothing." He said that late July 2009 was the last time ASD or one of its subcontractors was at his home. He acknowledged that the plumber attempted to come to his home at some point in July, but he asked them to come back later. Mr. Whitton stated that starting in August, they "made complaints, but nothing was answered." He testified that at this point, his family began getting sick.

Mr. Whitton said that he contacted LHC in early November 2009 because his wife discovered water coming from the insulation under the home. After LHC observed the home, they noted substandard conditions and the possibility of mold growth and moved the family to a local hotel to remedy the issues. Mr. Whitton was asked if ASD wanted to make repairs to the property and stated, "Yes. They called …several times, but at each time they called, I told them they could come look but they couldn't repair." He said he didn't want them to repair the home until he could determine the type of mold that was in the home so that his family could seek treatment. He acknowledged that he received letters from LHC requesting that the Whittons comply with their obligations under the program and allow ASD access to the property and repair the issues. He said he requested certain documentation before he would allow any repairs to be done on the property. Mr. Whitton testified that by the end of January, he did not want ASD on his property because he "found out…what ASD had done" and that "[t]hey [were not] truthful with [them]."

In January 2010, Mr. Whitton had Altec conduct a mold/fungal survey on the home. The January 26, 2010 Altec survey concluded that there was active fungal growth in the home, which "may be a result of gaps in the exterior envelope of the home that allow moisture intrusion via the passage of humid air and water intrusion during rain events."

11

In its motion for summary judgment, the evidence presented by ASD showed that after LHC inspected the home in November, ASD made multiple requests to return to the property to assess any defects and make any repairs and offered to have the home tested for mold by a certified industrial hygienist. The evidence presented by the Whittons revealed that there were certainly issues with the home, and while there may have been some opportunity in June through August 2009 for ASD to return to the home, after the home was inspected by LHC in November 2009, ASD was prevented from making any repairs in the home despite several requests. Furthermore, as of late January 2010, Mr. Whitton would not allow ASD to return to the home. Reviewing this evidence *de novo*, we find no error in the trial court's conclusion that no genuine issues of material fact remain that ASD was not given a reasonable opportunity to repair any defects in the home. Absent compliance with La. R.S. 9:3145, which mandates "giving the builder a reasonable opportunity to comply with the provisions of this Chapter," recovery under the NHWA is precluded.

## CONCLUSION

For the foregoing reasons, we affirm the judgment of the trial court. All costs of this appeal are assessed to plaintiffs, Dea Whitton, Chris Whitton, Cody Whitton, and Shiras Whitton, individually and on behalf of his minor child, Rylance C. Whitton.

**AFFIRMED**.

12